# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE PEREZ, PARENT ON BEHALF OF S.G., A MINOR,<br><br>Petitioner,<br><br>v.<br><br>MOUNTAIN EMPIRE UNIFIED SCHOOL DISTRICT,<br><br>Respondent. | Case No.: 19-CV-1629 W (MDD)<br><br>**ORDER GRANTING MOTION TO PROCEED IFP [DOC. 2]** |

On August 28, 2019, Petitioner Valerie Perez, parent on behalf of minor S.G., filed a Petitioner for Approval of Settlement and Compromise of Minor's Claims. Along with the Petition, Petitioner filed a motion to proceed in forma pauperis ("IFP") [Doc. 2].

**I.    DISCUSSION**

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court

to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." Id. at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. <u>See, e.g.</u>, <u>Stehouwer v. Hennessey</u>, 851 F.Supp. 316, (N.D.Cal. 1994), *vacated in part on other grounds*, <u>Olivares v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110 per month from family); <u>Allen v. Kelly</u>, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120 filing fee out of $900 settlement proceeds); <u>Ali v. Cuyler</u>, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (in forma pauperis application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." <u>United States v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered the papers submitted, the Court finds that based on the current record, Petitioner meets the requirements for IFP status under 28 U.S.C. § 1915. According to her declaration, as a result of being diagnosed with MS, Petitioner has been on medical leave since approximately July 2019 and, therefore, does not have any

1 income.  (*IFP App.* [Doc. 2] ¶¶ 1, 2, 9.)  Before her diagnosis, Petitioner earned a gross monthly income of $539.  (*Id.* ¶ 2.)  Petitioner's sole asset is a 2002 Daewoo automobile.  (*Id.* ¶ 5.)  Petitioner also does not have any savings.  (*Id.* ¶ 4.)  In contrast, Petitioner's monthly expenses total approximately $1,843, and she has three dependent children.  (*Id.* ¶¶ 7, 8.)  Therefore, Petitioner's IFP motion will be granted.

## II. CONCLUSION & ORDER

For the reasons addressed above, the Court **GRANTS** Petitioner's motion to proceed IFP [Doc. 2].

**IT IS SO ORDERED.**

Dated:  September 3, 2019

_____
Hon. Thomas J. Whelan
United States District Judge